IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ANTHONY HARLAN,

                Petitioner,

vs.

STATE OF NEBRASKA,

                Respondent.

4:24CV3054

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's "Notice of Removal," Filing No. 1, and "Motion for Judicial Review," Filing No. 2, which the Court construes as a supplement to the "Notice of Removal." In his pleadings, Petitioner purports to remove his criminal case from the District Court of Douglas County, Nebraska, in which he was convicted following a no contest plea and sentenced to 18 to 20 years for voluntary manslaughter and 10 to 20 years for possession of a firearm by a prohibited person. Filing No. 1 at 1; Filing No. 2 at 1 n.1. Petitioner asks the Court to "conduct a detailed review of his sentencing" and, "[u]pon deficiency, the Petitioner prays that this Court enter[] an order reducing his sentence to the minimum imposition required by Nebraska law." Filing No. 2 at 11. The Court takes judicial notice of Petitioner's state court records in *State v. Anthony M. Harlan*, Case No. CR18-3548, District Court of Douglas County, Nebraska, which show that he was sentenced on August 28, 2019, to 18 to 20 years' imprisonment for manslaughter and a consecutive term of 10 to 20 years' imprisonment for possession of a deadly weapon by a prohibited person.[1]

---

[1] *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records); Federal Rule of Evidence 201 (providing for judicial notice of adjudicative facts). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

The appropriate vehicle for Petitioner to challenge his state-court conviction and sentence in federal court is through a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.[2] The Court hereby notifies Petitioner that it intends to characterize his "Notice of Removal" and "Motion for Judicial Review" as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the alternative, Petitioner may move to voluntarily withdraw his habeas corpus petition within 30 days. *See Castro v. United States*, 540 U.S. 375, 382–83 (2003) (requiring notice, warning, and opportunity to amend or withdraw before recharacterization of pro se litigant's motion as initial § 2255 motion; when these requirements unsatisfied, recharacterized motion not considered § 2255 motion rendering later motion successive); *see also Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (applying *Castro* to § 2254 petition). Should Petitioner decide to allow this action to proceed as one brought pursuant to § 2254, he should be aware of his obligation to raise all his habeas corpus claims in this action. This is because there is a statutory prohibition against successive petitions by state prisoners codified in 28 U.S.C. § 2244.

In addition, if Petitioner decides to allow this action to proceed as a § 2254 habeas action, then he must amend his pleading to cure the following deficiencies.

First, Petitioner has not signed the petition under penalty of perjury. *See, e.g.* 28 U.S.C. § 2242 and Rule 2(c)(5) of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Second, a habeas corpus petition must "substantially follow either the form appended to [the *Rules Governing Section 2254 Cases in the United States District Courts*], or a form prescribed by a local district-court rule." *See* Rule 2 of the *Rules*

---

[2] Also, because Petitioner has been convicted find sentenced, his state criminal case is no longer pending so removal under 28 U.S.C. § 1443 is inapplicable.

*Governing Section 2254 Cases in the United States District Courts*. To that end, a copy of the Form AO 241, Petition for Writ of Habeas Corpus by a Person in State Custody, will be provided to Petitioner along with this order.

Third, Petitioner failed to name a proper respondent in the Petition. Rule 2(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states that "if the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." In habeas corpus challenges to present physical confinement, the default rule is that the proper respondent is the warden of the facility where the prisoner is being held. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2005). Here, Petitioner has named the State of Nebraska as Respondent in this matter, which is not the proper respondent.

IT IS THEREFORE ORDERED that:

1. Petitioner shall no later than **May 8, 2024,** voluntarily withdraw his pleading entitled "Notice of Removal" if he does not want this action to proceed as one brought pursuant to 28 U.S.C. § 2254.

2. If Petitioner decides to allow this action to proceed as one brought pursuant to 28 U.S.C. § 2254, he shall no later than **May 8, 2024,** file an amended petition for writ of habeas corpus that is originally signed under penalty of perjury. Petitioner must set forth all his claims in an amended petition for writ of habeas corpus, even those identified in his original petition.

3. The Court will reserve ruling on Petitioner's motion for leave to proceed in forma pauperis, Filing No. 4, filed on April 5, 2024, until Petitioner has a chance to respond to this order.

4. If Petitioner fails to respond to this order or file an amended petition, the Court will construe Petitioner's pleading as a petition filed pursuant to 28 U.S.C. § 2254 and this matter will be dismissed without prejudice and without further notice to Petitioner for the deficiencies described herein.

5. The Clerk of the Court is directed to send to Petitioner the Form AO241 ("Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus").

6. To avoid confusion, any document Petitioner sends to the Clerk of the Court for filing in this case must clearly display the case number (4:24CV3054).

7. The Clerk of the Court is directed to set the following pro se case management deadline: **May 8, 2024**: check for motion to withdraw or amended habeas petition.

8. Petitioner's "Motion for Judicial Review," Filing No. 2, is denied without prejudice to reassertion of his claims in a habeas petition under 28 U.S.C. § 2254.

Dated this 8th day of April, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge