IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANTHONY HARLAN,<br><br>　　　　　　　　Petitioner,<br><br>　　vs.<br><br>ROB JEFFREYS, Director, Nebraska Department of Correctional Services;<br><br>　　　　　　　　Respondent. | 4:24CV3054<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on Respondent's Motion for Summary Judgment. Filing No. 14. Respondent filed the relevant state court records, Filing No. 15, a statement of undisputed material facts, Filing No. 16, and a brief in support, Filing No. 17. Petitioner Anthony Harlan ("Petitioner" or "Harlan") filed a brief in opposition. Filing No. 19. Respondent did not file a reply brief or a notice that he would not file one, and the time to do so has passed. *See* Filing No. 12 at 4. Accordingly, the Court considers this matter fully submitted for disposition. Respondent contends Harlan's Petition for Writ of Habeas Corpus, Filing No. 10, must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Upon careful review, the Court agrees and will dismiss the petition with prejudice.

## I. SUMMARY JUDGMENT STANDARD

　　　　Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The moving party bears the initial responsibility of informing the

---

[1] Rule 56 of the Federal Rules of Civil Procedure applies to habeas proceedings pursuant to Rule 12 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("The Federal Rules of Civil

court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

## II.  UNDISPUTED MATERIAL FACTS[2]

1.  On July 8, 2019, Harlan pleaded no contest in the District Court of Douglas

---

Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules.") and Fed. R. Civ. P. 81(a)(4) ("These rules apply to proceedings for habeas corpus and for quo warranto to the extent that the practice in those proceedings: (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."). However, "summary judgment principles apply on federal habeas only to the extent they do not conflict with habeas rules." Brian R. Means, Federal Habeas Manual § 8:36.

[2] In accordance with the Court's progression order, Filing No. 12, Respondent filed a statement of undisputed material facts outlining the procedural history of Harlan's state court proceedings with references to the record. Filing No. 16. Harlan does not dispute any of Respondent's statement of material facts, *see* Filing No. 19, which the Court will deem admitted for purposes of deciding the summary judgment motion. *See* NECivR 56.1(b)(1)(B) ("Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." (emphasis omitted)).

County, Nebraska, to manslaughter and possession of a deadly weapon by a prohibited person. Filing No. 15-3.

2. On August 30, 2019, the state district court sentenced Harlan to 28 to 40 years of imprisonment. Filing No. 15-4.

3. Harlan filed a direct appeal. Filing No. 15-1 at 8.

4. On January 6, 2020, the Nebraska Court of Appeals summarily affirmed the judgment. Filing No. 15-2 at 2.

5. On February 6, 2020, Harlan filed a petition for further review. *Id*. at 1.

6. On February 28, 2020, the Nebraska Supreme Court denied the petition for further review. *Id*.

7. On May 18, 2020, Harlan filed in the state district court a motion for appointment of counsel for postconviction relief. Filing No. 15-5.

8. On April 8, 2021, Harlan filed in the state district court a motion for postconviction relief. Filing No. 15-1 at 6.

9. On July 26, 2021, the state district court denied relief. *Id*. at 5.

10. On August 5, 2021, Harlan filed in the state district court a "Postconviction Motion Cross Appeal." Filing No. 15-6.

11. On August 9, 2021, the state district court denied the motion, understanding it as a request for reconsideration of the court's July 26, 2021, order denying postconviction relief. Filing No. 15-7.

12. On March 4, 2022, Harlan filed in the state district court a "Notice of Motion for Permission to Appeal," seeking to excuse his delay in filing a notice of appeal from the denial of his motion for postconviction relief. Filing No. 15-8.

13. On March 22, 2022, the state district court denied the motion. Filing No. 15-9.

14. On March 8, 2024, Harlan filed in the state district court and this Court a "Motion for Judicial Review." Filing No. 1; Filing No. 2; Filing No. 15-10.

15. On March 14, 2024, the state district court denied the motion. Filing No. 15-11.

16. On April 8, 2024, this Court instructed Harlan to file an amended petition if he sought a writ of habeas corpus. Filing No. 5.

17. On August 8, 2024, Harlan filed his amended petition for a writ of habeas corpus. Filing No. 10.

### III. ANALYSIS

Respondent submits that Harlan's habeas petition must be dismissed because it was not timely filed and is barred by the limitations period set forth in 28 U.S.C. § 2244(d). Liberally construed, Harlan contends that he is entitled to equitable tolling and/or the miscarriage of justice exception applies to excuse any untimely filing of his petition. Upon careful consideration, the Court finds that Harlan's petition must be dismissed as untimely and because neither equitable tolling nor the miscarriage of justice exception applies to avoid the statute of limitations bar.

**A. One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The statute of limitations period is tolled while a state post-conviction or other collateral review is pending. *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012) (citing 28 U.S.C. § 2244(d)(2)).

Here, Harlan's state court judgment became final on May 28, 2020, which is ninety days after the Nebraska Supreme Court denied Harlan's petition for further review on direct appeal. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (holding that, for petitioners who do not pursue direct review all the way to the United States Supreme Court, a judgment becomes final "when the time for pursuing direct review in [the Supreme Court], or in state court, expires."); *King*, 666 F.3d at 1135 ("If the Supreme Court has jurisdiction to review the direct appeal, the judgment becomes final ninety days after the conclusion of the prisoner's direct criminal appeals in the state system.") (citing Sup. Ct. R. 13.1); *McSwine v. Nebraska*, No. 8:21CV375, 2022 WL 125105, at *3 (D. Neb. Jan. 13, 2022) (holding petitioner's Nebraska conviction became final for the purposes of the one-year federal habeas statute of limitations 90 days after the Nebraska Supreme Court denied the petition for further review). Accordingly, the one-year limitations period began to run from May 28, 2020.

5

The statute of limitations was tolled during the pendency of Harlan's state postconviction proceedings beginning on April 8, 2021, when Harlan filed his state postconviction motion. Harlan filed his state postconviction motion 315 days after his conviction became final, and those 315 days count toward the one-year limitations period. *See Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (quoting *Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001)) ("'[T]he time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period.'").

The state district court denied Harlan's motion on July 26, 2021. Harlan filed a "Postconviction Motion to Cross Appeal" on August 5, 2021, which the state district court construed as a request for reconsideration and denied on August 9, 2021. The state district court specifically noted that Harlan's "filing . . . does not contain the necessary documents to trigger or perfect a direct appeal," but if Harlan was "attempting a direct appeal, there is still time for him to file the necessary paperwork to do so." Filing No. 15-7. Harlan, however, did not file a timely appeal within 30 days of the state district court's denial of his "Postconviction Motion to Cross Appeal" as required by Nebraska law.[3] *See* Neb. Rev. Stat. § 25-1912(1) & (3) (notice of appeal must be filed within 30 days of entry of order ruling on timely motion to alter or amend a judgment). Instead, 207 days later, on March 4, 2022, Harlan filed a "Notice of Motion for Permission to Appeal," which the state district court construed as a request for reinstatement of his postconviction appeal rights and denied on March 22, 2022. By this point, the one-year limitations period for

---

[3] For purposes of this analysis, the Court has assumed that Harlan's motion was a timely filed motion to alter or amend the judgment under Neb. Rev. Stat. § 25-1329, which would terminate the time for filing a notice of appeal. *See* Neb. Rev. Stat. § 25-1912(3).

6

Harlan to file a federal habeas petition had already expired, and his "Motion for Judicial Review" filed in this Court on March 8, 2024, even when liberally construed as a habeas petition, was clearly untimely under § 2244(d)(1)(A) by more than two years.

**B. Equitable Tolling**

Harlan asserts that he is entitled to equitable tolling of the AEDPA limitations period. Filing No. 19 at 1–2. Generally, a litigant seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Equitable tolling is proper "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008) (internal quotation marks omitted). As such, "equitable tolling is an exceedingly narrow window of relief." *Id*. (internal quotation marks omitted). The burden of demonstrating grounds warranting equitable tolling rests with the petitioner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Here, Harlan has failed to meet that burden.

Harlan generally asserts that he has been diligently pursuing his rights, but he cites only to his "filing multiple motions and pleadings in state court" in support of that assertion. Filing No. 19 at 2. Harlan also claims that "the severe restrictions imposed by the COVID-19 pandemic" qualify as extraordinary circumstances that prevented him from timely filing his habeas petition, including lack of access to the prison law library to conduct legal research and short staffing issues. *Id*.; *see also* Filing No. 10 at 29. Harlan refers to documentation from prison officials attached to his amended petition showing that the law library at the Nebraska State Penitentiary was inaccessible to inmates from August 29,

7

2020, to September 10, 2020, due to the institution being quarantined after several inmates tested positive for COVID-19, but notary, legal photocopy services, and short-term loans of legal books were available upon request beginning September 8, 2020. Filing No. 10 at 32; Filing No. 19 at 2.  Harlan's conclusory arguments regarding diligence are unavailing, especially since he waited nearly two years after the conclusion of his state postconviction proceedings to seek federal habeas relief in this Court.  Nor do the impediments Harlan describes suggest the kind of extraordinary circumstances that would warrant equitable tolling. Harlan offers no specific facts to suggest how the lack of law library access in 2020 prevented him from timely filing his habeas petition in this Court, particularly when he was able to file his state postconviction motion on April 8, 2021, when the AEDPA statute of limitations had not yet expired.  Even if Harlan's access to the library was very limited throughout 2020 and into 2021 due to COVID-19 restrictions, he offers no explanation as to why he waited over two more years until March 2024 to file his petition in this Court.

Thus, on the record presented, the Court finds that Harlan has failed to demonstrate that equitable tolling of the statute of limitations is warranted.  *See Baker v. Norris*, 321 F.3d 769, 772 (8th Cir. 2003) (rejecting the contention that petitioner's inability to access a law library made "it impossible to file a petition on time"); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); *Hairston v. Frakes*, No. 8:21CV352, 2022 WL 2118334, at *3 (D. Neb. June 13, 2022) (equitable tolling not warranted where petitioner filed his habeas petition approximately eight months after the time period where his movement and access to the

library was alleged to be restricted due to the COVID-19 pandemic); *Dragasits v. Covello*, No. 3:21-CV-1459, 2022 WL 207730, at *7–8 (S.D. Cal. Jan. 24, 2022) (noting that most courts addressing the issue "have found that general claims of prison lockdowns and lack of access to the prison law library as a result of the COVID-19 pandemic" alone are insufficient to constitute the extraordinary circumstances required to permit equitable tolling); *United States v. Haro*, No. 8:18CR66, 2020 WL 5653520 (D. Neb. Sept. 23, 2020) (even if petitioner raised the doctrine of equitable tolling, the limitations of the COVID-19 lockdown—which limited petitioner's access to legal documents from the law library and prevented him from making copies—did not justify equitable tolling).

**C. Actual Innocence or Miscarriage of Justice Exception**

Harlan contends that the miscarriage of justice exception should apply to excuse the statute of limitations' procedural bar because his "claim of self-defense, coupled with ineffective assistance of counsel, raises substantial doubt about the reliability of his conviction." Filing No. 19 at 5. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court established a gateway for untimely habeas claims in the event of a tenable actual-innocence claim. The Supreme Court cautioned, however, "that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* at 386 (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)) (internal quotations and alterations omitted). The actual-innocence exception requires a habeas petitioner to come forward with "new reliable evidence" which was "not available at trial through the exercise of due diligence." *Schlup*, 513 U.S. at 324. Moreover, "'actual innocence' means

factual innocence, not mere legal insufficiency." *Bousley v. U.S.*, 523 U.S. 614, 623 (1998) (citation omitted). The actual innocence standard is a "demanding" one, and "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin*, 569 U.S. at 401 (quoting *Schlup*, 513 U.S. at 316).

Liberally construed, Harlan asserts that he is actually innocent because he acted in self-defense at the time of the conduct for which he was convicted and he would not have pleaded no contest to manslaughter and possession of a deadly weapon by a prohibited person but for his counsel's ineffectiveness in failing "to investigate and present a self-defense argument despite clear evidence that Petitioner suffered multiple stab wounds, including a punctured lung, before discharging his firearm." Filing No. 19 at 3. However, Harlan's theory of actual innocence does not rely on any "new evidence" that did not exist at the time of his pleas and convictions as required to invoke the actual innocence exception to the statute of limitations procedural bar. Evidence is only "new" in this context if it "was not available at trial and could not have been discovered earlier through the exercise of due diligence." *Nash v. Russell*, 807 F.3d 892, 899 (8th Cir. 2015) (quoting *Amrine v. Bowersox*, 238 F.3d 1023, 1028 (8th Cir. 2001)).

Harlan's amended petition and the record before the Court establish that the evidence on which he bases his self-defense theory is not new but, rather, was available and known to him before he entered his no contest pleas. Indeed, Harlan acknowledges in his amended petition that "[t]here is no dispute that Petitioner was stabbed by the victim 15 times and received serious wounds as a result." Filing No. 10 at 20–21. Nor could

there be any dispute as to this evidence of self-defense existing at the time of Harlan's pleas as Harlan had his own first-hand knowledge of the events that transpired and formed the basis for the charges against him. Because Harlan's actual-innocence claim is not based on new evidence but instead relies on a self-defense theory that existed at the time of his plea, his claim cannot serve as a gateway for overcoming the statute of limitations procedural bar. *See United States v. Perales*, No. 8:19CR253, 2024 WL 775218 (D. Neb. Feb. 26, 2024) (denying 28 U.S.C. § 2255 motion as untimely where petitioner's actual innocence claim was based on self-defense theory known at time of petitioner's guilty plea).

"'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a [time-]barred claim.'" *Id.*, at *2 (quoting *Schlup*, 513 U.S. at 316). In any case, the Court's review of the record and Harlan's proffered self-defense theory does not suggest evidence of innocence so strong that the Court cannot have confidence in the outcome of his state court conviction. *See Schlup*, 513 U.S. at 316.

**D. Conclusion**

Harlan's habeas petition is untimely, and Harlan has not demonstrated that he is entitled to equitable tolling or that the procedural bar of the one-year statute of limitations should be excused through any "gateway" claim of actual innocence. Accordingly, the Court will grant Respondent's summary judgment motion and dismiss Harlan's petition with prejudice.

## IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court has applied the appropriate standard and determined that Harlan is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED that:

1. Respondent's Motion for Summary Judgment, Filing No. 14, is granted.

2. Petitioner's amended habeas petition, Filing No. 10, is dismissed with prejudice because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d).

3. The Court will not issue a certificate of appealability in this matter.

4. A separate judgment will be entered.

Dated this 14th day of August, 2025.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge